# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | In re Liebowitz Law Firm, PLLC et al., Appellants; 22-1850 |
| **Originating No. & Caption** | Matthew Bradley v. Analytical Grammar, Inc.; 5:19-cv-00249 |
| **Originating Court/Agency** | US District Court for the Eastern District of North Carolina |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1291 & 1294 | | |
| Time allowed for filing in Court of Appeals | 30 Days | | |
| Date of entry of order or judgment appealed | July 11, 2022 | | |
| Date notice of appeal or petition for review filed | August 10, 2022 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-944-0217.)

| | | |
|---|---|---|
| Is settlement being discussed? | ⦿ Yes | ○ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | No. 22-1886 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This matter arises from a copyright dispute between Matthew Bradley and Appellee Analytical Grammar, Inc. Appellant Richard Liebowitz, of the law firm Liebowitz Law Firm, PLLC at the time, previously served as counsel for Matthew Bradley. During the course of the action, the District Court disqualified Mr. Liebowitz from continuing to represent Matthew Bradley. |
| The court subsequently entered a judgement in favor of Appellee Analytical Grammar on all claims except Appellee's First Counterclaim seeking to invalidate Matthew Bradley's copyright at issue. The court entered judgment in favor of Matthew Bradley on Appellee Analytical Grammar's First Counterclaim. |
| Appellee Analytical Grammar filed a Motion for Attorneys' Fees, Costs and Expenses Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority ("Motion") against Appellants, which included declarations of Appellee's prior counsel and Matthew Bradley as exhibits. The District Court subsequently entered an Order granting and denying in part the Motion. Subsequently, the District Court entered an Amended Judgment against Appellants, whom were not parties to the action. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the District Court erred in granting Appellee's Motion in part?<br>Whether the District Court erred in entering an Amended Judgment against Appellants, non-parties to the action, without due process?<br>Whether the District Court applied the incorrect standard, including under § 1927?<br>Whether the District Court erred in basing its decision on declarations and other material, including one of Appellants' prior clients, and in not striking such declarations?<br>Whether the District Court erred in granting Appellee's Motion without a sufficient finding of subjective bad faith?<br>Whether the District Court incorrectly awarded costs and attorneys' fees that were not proximately caused by any conduct of Appellants?<br>Whether an attorney may be sanctioned for not immediately informing a client of an invalid offer of judgment purportedly made by a non-attorney acting on behalf of a corporation?<br>Whether the District Court erred in concluding that Appellants unreasonably and vexatiously multiplied the proceedings?<br>Whether the fees and costs awarded were reasonably incurred because of any required conduct of Appellants?<br>Whether the record sufficiently supports the District Court's findings and conclusions of law? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Analytical Grammar, Inc.<br><br>Attorney: Christopher M. Thomas; Sloan Carpenter<br>Address: Parker Poe Adams & Bernstein LLP<br>        301 Fayetteville Street, Suite 1400<br>        P.O. Box 389<br>        Raleigh, North Carolina 27602<br><br>E-mail: christhomas@parkerpoe.com<br><br>Phone: 919-835-4641 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/Luke A. Dalton         **Date:** August 26, 2022

**Counsel for:** Liebowitz Law Firm, PLLC and Richard Liebowitz

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                                    Date: